IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
JAMES BONINI

2008 JUN 10 PM 2: 32

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV. DAYTON

THOMAS M. ROSE

UNITED STATES OF AMERICA

v.

METIN ATILAN,

Defendant.

**3 : 08 cr 071**

**INDICTMENT**

18 U.S.C. § 371
18 U.S.C. § 1343
18 U.S.C. § 1349

- - - - - - - - - - - - - - - - - - - - -

THE GRAND JURY CHARGES THAT:

## COUNT 1
### (Conspiracy)

1. Between on or about May 2006, and on or about February 6, 2008, in the Southern District of Ohio and elsewhere, the defendant METIN ATILAN conspired and agreed with persons known to the Grand jury and identified herein as "T.W." and "O.K.", and with other known and unknown individuals, and with each other, to commit certain offenses as follows:

### OBJECT OF THE CONSPIRACY

2. It was the object of this conspiracy to defraud the United States, namely, to engage in United States Government contract fraud in violation 18 U.S.C. § 201 (b)(1).

1

## MANNER AND MEANS

The manner and means of conduct used by this conspiracy included, but was not limited to:

3. It was part of the conspiracy that defendant METIN ATILAN, together with other individuals known to the Grand Jury and referred to herein as "T.W." and "O.K.", together with other known and unknown persons, would by deceit, craft, trickery and dishonest means defraud the United States by interfering with and obstructing the lawful governmental functions of the Department of Defense by the payment of cash bribes and kickbacks, trickery and otherwise dishonest means designed to secure past and future supply, services and construction contracts associated with military operations in and around Iraq.

4. It was further part of the conspiracy and scheme and artifice to defraud and obtain money and property that defendant METIN ATILAN, together with his known and unknown co-conspirators, developed a plan to approach and meet United States Government contract officials on behalf of firms identified as PMA Services and Kayteks.

5. It was further part of the conspiracy and scheme and artifice to defraud and obtain money and property that defendant METIN ATILAN, together with his known and unknown co-conspirators, paid a United States Government contracting official kickbacks for past awarded United States Government supply, services and construction contracts for military operations in and around Iraq.

2

6. It was further part of the conspiracy and scheme and artifice to defraud and obtain money and property that defendant METIN ATILAN, together with his known and unknown co-conspirators, paid a United States Government contracting official bribes to secure future U. S. Government supply, services and construction contracts for military operations in and around Iraq.

7. It was further part of the conspiracy and scheme and artifice to defraud and obtain money and property that defendant METIN ATILAN, together with his known and unknown co-conspirators, would communicate with at least one United States Government contracting official via the internet concerning past and future U. S. Government supply, services and construction contracts for military operations in and around Iraq.

8. It was further part of the conspiracy and scheme and artifice to defraud and obtain money and property that defendant METIN ATILAN, together with his known and unknown co-conspirators would arrange and participate in a personal meeting with United States Government contracting officials for the purpose of discussing and conveying bribes and kickbacks involving past and future U. S. Government supply, services and construction contracts for military operations in and around Iraq.

9. It was further part of the conspiracy and scheme and artifice to defraud and obtain money and property that defendant METIN ATILAN, together with his known and unknown co-conspirators, would transmit a wire transfer and cash representing bribes and kickbacks to at least one United States Government contracting official for past and future United States Government supply, services and construction contracts for military operations in and around Iraq.

3

## OVERT ACTS

10. In furtherance of this conspiracy and scheme and artifice to defraud and obtain money and property, and effect the objects thereof, in the Southern District of Ohio and elsewhere, the defendant METIN ATILAN, together with other individuals known to the Grand Jury and referred to herein "T.W." and "O.K.", and with other known and unknown persons, engaged in the following conduct and performed and committed at least one of the following overt acts, among others:

a. On or about May 2006, METIN ATILAN met an active-duty United States Air Force warranted contracting officer identified herein as "CI-1" at or near Balad, Iraq.

b. Between May 2006 and November 2007, METIN ATILAN solicited letters of recommendations from CI-1 to assist him in securing future United States Government contracts.

c. On or about November 21, 2007, METIN ATILAN transmitted an e-mail message to CI-1 who was then physically located in Dayton, Ohio.

d. On or about November 26, 2007, METIN ATILAN transmitted an e-mail message to CI-1 who was then physically located in Dayton, Ohio.

e. On or about December 3, 2007, METIN ATILAN knowingly transmitted and caused to be transmitted an electronic wire transfer in the approximate amount of $4,966.00, issued from a bank known as Turkye Garanti Bankasi, located in Istanbul, Turkey, into a bank account maintained at a branch of the U. S. Bank located in the Southern District of Ohio which was listed in the name of CI-1.

f. On or about January 31, 2008, METIN ATILAN met CI-1 and an undercover individual posing as a warranted United States Government contracting officer at the Westbury Hotel located in London, England to discuss bribe and kickback payment arrangements for a United States Government contract to supply 353 trailers in support of the Iraq war effort.

4

g. At this January 31, 2008 meeting, METIN ATILAN reviewed and submitted to the undercover individual a purported contract solicitation for a United States Government contract to supply 353 trailers in support of the Iraq war effort.

h. At this January 31, 2008 meeting, METIN ATILAN submitted letters of recommendations to the undercover individual letters of recommendation he previously received from CI-1 in connection with a contract solicitation submission concerning the supply contract for 353 trailers.

I. At this January 31, 2008 meeting, METIN ATILAN offered to pay the undercover individual an advance kickback in the amount of 10% of the anticipated $10,000,000 face value of the supply contract for 353 trailers.

j. On or about January 31, 2008, METIN ATILAN transmitted an e-mail message to CI-1 advising him of his travel plans from London to Turkey.

k. On or about February 5, 2008, METIN ATILAN directed co-conspirator T.W. to meet on his behalf, an undercover individual posing as a U. S. Government contract officer at the Westbury Hotel located in London, England to provide a $10,000 bribe payment for a United States Government contract to supply 353 trailers in support of the Iraq war effort.

l. On or about February 5, 2008, METIN ATILAN transmitted an e-mail message to the said undercover individual posing as a United States Government contract officer seeking verification that the two had met and the $10,000 bribe payment had been transferred.

m. On or about February 6, 2008, METIN ATILAN directed co-conspirator O.K. to meet on his behalf, an undercover individual posing as a United States Government contract officer at the Westbury Hotel to provide a $20,000 bribe payment for a United States Government contract to supply 353 trailers in support of the Iraq war effort.

n. On or about February 6, 2008, METIN ATILAN transmitted an e-mail message to the said undercover individual posing as a United States Government contract officer seeking verification that the he had met O.K. and the $20,000 bribe payment had been transferred.

5

o. Between on or about February 5 and 6, 2008, METIN ATILAN used a
coded term "suits" to refer to advance kickbacks in e-mail
messages he transmitted to the said undercover individual posing as a United States
Government contract officer.

In violation of 18 U.S.C. § 371.

## COUNT 2
### (Conspiracy)

11. Between in or about May 2006, and on or about February 6, 2008, in the Southern

District of Ohio and elsewhere, the defendant METIN ATILAN conspired and agreed with

persons known to the Grand jury and identified herein as "T.W." and "O.K.", and with other

known and unknown individuals, and with each other, to commit certain offenses as follows:

## OBJECT OF THE CONSPIRACY

12. It was the object of this conspiracy to knowingly engage in wire fraud in violation

of 18 U.S.C. § 1343.

## MANNER AND MEANS

The manner and means of conduct used by this conspiracy included, but was not limited

to:

13. Paragraphs 3 through 9 of Count 1 of this Indictment are hereby realleged and

incorporated herein by reference as if fully set forth herein.

## OVERT ACTS

14. Overt Acts listed in paragraphs 10 a. through 10 o. of Count 1 of this Indictment

are hereby realleged and incorporated herein by reference as if fully set forth herein.

In violation of 18 U.S.C. § 1349.

6

## COUNT 3
### (Wire Fraud)

15. On or about December 3, 2007, in the Southern District of Ohio and elsewhere, the defendant METIN ATILAN, having knowingly participated in and devised, and intending to devise, a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing and attempting to execute such scheme and artifice, did transmit in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals and sounds, that is an electronic money wire transfer in the approximate amount of $4,966.20, issued from a bank known as Turkye Garanti Bankasi, located in Istanbul, Turkey, into a bank account maintained at a branch of the U. S. Bank located in the Southern District of Ohio which was listed in the name of person known to the Grand Jury and identified herein as "CI-1".

In violation of 18 U.S.C. §§ 1343 and 1349.

A TRUE BILL

_____/s/_____
F O R E M A N

GREGORY G. LOCKHART
United States Attorney

VIPAL J. PATEL
Deputy Chief, Criminal Division

7